**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CANDELARIO HOLGUIN, JR.** | ) | |
| | ) | |
| v. | ) | 3-08-CV-905-B |
| | ) | (Consolidated with 3-08-CV-906-B |
| **NATHANIEL QUARTERMAN, Director,** | ) | and 3-08-CV-907-B) |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is confined as an inmate at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in New Boston, Texas, serving state felony convictions imposed in Criminal District Court No. One of Dallas County.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Petitioner entered pleas of not guilty to the offense of engaging in organized criminal activity[1] as charged in the indictments returned in Cause Nos. F-98-02888-KH, F-98-02889-KH and F-98-02890-KH. The jury found him guilty of each charge and he was

---

[1]The respective indictments charged violations of the Texas Penal Code Ann. § 71.02 (a)(1) (Vernon Supp. 2001).

sentenced to concurrent 45 year terms of imprisonment together with monetary fines.

He appealed all three convictions and on February 15, 2001, the Eighth Court of Appeals at El Paso issued three identical opinions affirming Holguin's convictions. His subsequently filed petitions for discretionary review were refused by the Court of Criminal Appeals on September 12, 2001. On February 19, 2002, his petition for writ of certiorari was denied by the United States Supreme Court.

On January 13, 2003, he filed three applications for habeas corpus in Criminal District Court No. One pursuant to art. 11.07, Texas Code of Criminal Procedure, setting out identical grounds for relief. An evidentiary hearing was held before a state magistrate judge on October 15, 2004. On April 29, 2005, Holguin filed amended art. 11.07 applications attacking each conviction. On February 23, 2007, the trial court adopted the State's proposed findings of fact and conclusions of law, recommending that relief be denied. Thereafter the trial court made supplemental findings of fact and conclusions of law on April 14, 2008. On April 30, 2008, each of the art. 11.07 applications - No. WR 67, 454-01, No. WR 67, 454-02 and No. WR 67, 454-03 - was denied by the Court of Criminal Appeals without a written order based on the findings of the trial court after a hearing.

Petitioner then filed three separate § 2254 petitions in this court on May 28, 2008, attacking his state court convictions. *See* Nos. 3-08-CV-905-B, 3-08-CV-906-M and 3-08-CV-907-B. Because all three convictions resulted from a single trial and the grounds raised in each petition are identical, the latter two cases were consolidated with the petition docketed in 3-08-CV-905-B.

In response to this court's show cause order Respondent has filed his answer and copies of

prior state court proceedings.[2]

**Findings and Conclusions**: Holguin stands convicted of engaging in organized criminal activity as charged in three separate indictments, each of which identified a separate individual as the victim of the offense. The injuries to the victims were so severe that two of the three were unable to testify due to permanent brain and physical injuries. Only Paul Verdeja was able to testify and in the course of his trial testimony he positively identified Petitioner as one of the persons who committed the aggravated assaults against him and the other two.

In seven separate grounds for relief Holguin claims that his retained trial attorney rendered ineffective assistance of counsel in failing to conduct a criminal background investigation of Paul Verdeja and in failing to pursue certain avenues of impeachment of Verdeja's trial testimony.

Ineffective assistance of counsel claims are governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a habeas petitioner must show that the attorney's representation "fell below an objective standard of reasonableness." *Id.* at 687-88. The Court made clear that every effort should be made to eliminate the distorting effects of hindsight in assessing an attorney's performance given that "[I]t is all too easy" to find an unsuccessful strategy to be unreasonable, after the fact, and "since there are countless ways to provide effective assistance in any given case, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Second, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

---

[2]The record consists of portions of the transcribed proceedings from Holguin's trial, a transcript of the habeas corpus evidentiary hearing on October 15, 2004, and copies of the three art. 11.07 applications.

3

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A failure to prove either prong of the *Strickland* test forecloses relief. *Id.* at 697.

In addition, before a state prisoner is entitled to federal habeas relief after his claims have been rejected by the state courts, he must establish that the decision rendered in the state court system was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

As related in the course of the post-conviction evidentiary hearing in the state court and as is self-evident from the evidence presented on Holguin's behalf at trial, the defense's theory was one of alibi. *See* William Bratton's testimony, No. WR-67,454-01, Writ Hearing on October 15, 2004, at 9-12. At trial Bratton called six witnesses to show that Petitioner was in College Station at the time the assaults took place in Irving. The evidence included documents as well as testimony from records custodians.[3] In light of the circumstantial and directed evidence, the alibi evidence - if accepted by the jury - would have shown that Holguin was several hundred miles away from the assaults on or about May 30, 1998, or at least might have been sufficient to create a reasonable doubt as to whether Verdeja's identification of him as one of the assailants was correct.

Although seven separate grounds are alleged, all relate to possible avenues of impeaching Verdeja's testimony which were either not investigated or were not exploited by Bratton at trial.

---

[3]*See* testimony of James Oliver, Reporter's Record, Vol. 8 at 27, *et seq.;* Janet Kinney's testimony, *Id.* at 35, *et seq.;* testimony of Lee Walker, *Id.* at 40, *et seq.;* Noemi Velasquez's testimony, *Id.* at 84, *et seq.;* testimony of Justin Mahoney, Reporter's Record, Vol. 9 at 7, *et seq.;* and Patricia Villalpando's testimony, *Id.* at 25, *et seq.*

Petitioner's first four grounds relate to well-established impeachment evidence, to wit: a witness's conviction for a crime of moral turpitude, (Grounds One and Two) and a showing that a witness's testimony was obtained in exchange for lenience or favorable treatment from law enforcement authorities (Grounds Three and Four).

In the art. 11.07 applications the state district court made specific findings of fact with respect to these grounds. *See e.g.* WR 67,454-01, at 260, adopting State's Proposed Findings of Fact and Conclusions of Law and at 246-258. The state district court found that Verdeja's criminal conviction was made known to Mr. Bratton, but that his misdemeanor family violence assault conviction was not used to impeach Verdeja. *See* ¶¶ 20-24 at 252. At the evidentiary hearing held in October 2004, more than five years after the criminal trial concluded, Bratton related his opinion that a conviction for a crime of moral turpitude was of limited use where the defense was alibi. *See* Habeas Corpus Hearing, Reporter's Record at 16-17. He further stated that his strategy was to keep the jury focused on the defense that Holguin simply wasn't at the scene. *Id.* at 31 and at 34-35. He also recognized that the victims, including Verdeja,[4] had suffered serious injuries. *See* Reporter's Record Vol. 9 at 88.

Even though Bratton did not choose to impeach Verdeja's veracity with his misdemeanor conviction, his cross-examination of Verdeja at trial brought out a number of factors, including his inebriated state at the time of the assaults, in an effort to raise an issue with respect to Verdeja's ability to see and to accurately identify Petitioner as one of the assailants.[5] In its findings of fact the

---

[4]In the course of the evidentiary hearing Verdeja himself related the permanent visual impairments with which he suffers as a result of the beating. *Id.* at 46-47.

[5]These factors were reiterated in the attorney's closing argument. *See* Reporter's Record Vol. 9 at 94-95.

state court explicitly enumerated the matters which Bratton established on cross-examination in an effort to undermine Verdeja's identification. *See e.g.* WR-67,454-01, *supra*, ¶ 25 at 253. Finally, the state district court's findings concluded that Bratton's efforts conformed with the requirements of the Sixth Amendment and further that Holguin failed to prove that he was prejudiced by the fact that Verdeja's misdemeanor conviction was not presented to the jury. *Id.* at ¶ 27-29. As noted above, the Texas Court of Criminal Appeals denied relief on the findings of the state trial court.

The record and the findings of fact by the state courts establish that Verdeja was never advised that he would receive any favorable treatment with respect to his Denton County family violence conviction. This issue was fully explored at the hearing on Holguin's motion for new trial, at the conclusion of which the trial judge denied the motion. The issue was raised in two points of error in his direct appeal and was rejected by the intermediate appellate court. *See e.g. Holguin v. State,* No. 08-99-00354-CR (Tex.App.-El Paso February 15, 2001) unpublished opinion at 5-10. The Texas Court of Criminal Appeals refused his petitions for discretionary review in which the same issues were raised. Such findings of fact and credibility determinations are presumed to be correct. *Summers v. Dretke*, 431 F.3d 861, 871-72 (5th Cir. 2005) (citing §2254(e)(1)).[6]

In his fifth and sixth grounds for relief Holguin faults his trial counsel for failing to present evidence to show that Verdeja's visual impairments at the time of the assault rendered him unable to see and identify Petitioner as one of the assailants. In addressing this claim and his attorney's failure to present medical evidence to establish that Holguin had a significant visual impairment, the

---

[6]In disposing of these claims in the art. 11.07 applications, the state district court held that the question of whether Verdeja had been granted any benefit in exchange for his trial testimony was procedurally barred and in the alternative found that the evidence established that no favorable consideration was extended to him. *See* e.g. WR 67-454-01, *supra*, ¶¶ 30-37 at 254-256.

6

state district court made specific, presumed correct findings of fact which foreclose satisfying the other prong of the *Strickland* test. *See e.g.* WR 67,454-01, *supra,* ¶¶ 38-48 at 256-258.

In his final ground for relief Petitioner attacks his attorney's failure to pursue a motion to suppress Verdeja's in-court identification. In order to prevail on this ground Holguin is required to prove that as a matter of law a timely filed motion to suppress would have resulted in a ruling by the trial court prohibiting Verdeja from effecting in the jury's presence an in-court identification of him as a perpetrator of the assaults.

As related in the fact findings in the state habeas proceedings, Mr. Bratton sought to undercut the validity and weight of Verdeja's in-court identification in a myriad of ways. *See e.g.* WR 67,454-01, *supra,* ¶ 25 at 252. On the other hand Verdeja testified that he could have identified Holguin as an assailant without ever having seen any photo spreads. Reporters' Record, Vol. 4 at 151. Despite the negative factors which the attorney presented to the jury, such go to the weight of the evidence rather than to its admissibility. As the United States Supreme Court made clear in *Manson v. Brathwaite,* 432 U.S. 98, 114 (1977), "reliability is the linchpin in determining the *admissibility* of identification testimony..." (Emphasis added). In *Neil v. Biggers,* 409 U.S. 188, 199-200 (1972), the Court identified factors to be considered in the "totality of circumstances" in determining the reliability factor. In *Manson* the single photograph spread rendered the out-of-court identification unduly suggestive. Notwithstanding this circumstance the Court concluded that under *all* the circumstances, it could not be said that there was "'a very substantial likelihood of irreparable misidentification'... Short of that point, such evidence is for the jury to weigh. We are content to rely upon the good sense and judgment of American juries, for evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot

7

measure intelligently the weight of identification testimony that has some questionable feature." *Id.* at 116. Accordingly Petitioner cannot show that a timely suppression motion would have been granted.

**CONCLUSION**:

For the foregoing reasons Petitioner has failed to demonstrate that he was deprived of the effective assistance of counsel by his trial attorney. But as set out above, in order to be entitled to federal habeas corpus relief he has the even greater burden of showing that the state court's rejection of his multiple allegations of ineffective assistance of counsel was contrary to, or involved an unreasonable application of the Supreme Court decision in *Strickland v. Washington*. *See e.g. Yarborough v. Gentry,* 550 U.S. 1,5 (2003). Having failed to satisfy this heavier burden as well Holguin is not entitled to relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for the Petitioner and counsel for Respondent.

SIGNED this 8th day of January, 2009.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996)

(en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.